UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTONIO REED                                          CIVIL ACTION

VERSUS                                                    NO. 17-4174

BP EXPLORATION &                              SECTION "R" (2)
PRODUCTION, INC., ET AL.


### ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration.[1] Defendants
BP Exploration & Production, Inc., BP America Production Company, and
BP p.l.c., (collectively, the "BP parties"), oppose plaintiff's motion.[2]  For the
following reasons, the Court denies plaintiff's motion for reconsideration.


I.      BACKGROUND

Plaintiff sued defendants based on his alleged exposure to toxic
chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico.[3]
Plaintiff was allegedly involved in cleanup or recovery work after the oil spill

---

[1]     R. Doc. 64.
[2]     The remaining defendants, Halliburton Energy Services, Inc.,
Transocean Deepwater, Inc., Transocean Holdings, LLC, and
Transocean Offshore Deepwater Drilling, Inc. join the BP parties'
opposition to plaintiffs' motions for reconsideration.  R. Doc. 67 at 1
n.1.
[3]     R. Doc. 1.

and contends that his resulting exposure to crude oil and dispersants caused a litany of health conditions.[4]  Plaintiff brought claims for general maritime negligence, negligence per se, and gross negligence against defendants.[5]

Plaintiff submitted an expert report from Dr. Jerald Cook, an occupational and environmental physician, to demonstrate that exposure to crude oil, weathered oil, and dispersants can cause the symptoms he alleges in his complaint.[6]  Dr. Cook was plaintiff's only expert on the issue of general causation.  This Court excluded the testimony of Dr. Cook as unreliable and unhelpful under Fed. R. Evid. 702 because, among other issues, Dr. Cook did not identify what level of exposure to the specific chemicals to which plaintiff was exposed is necessary to be capable of causing the specific conditions plaintiff complained of.[7]  The Court thus concluded that Dr. Cook "lacks sufficient facts to provide a reliable opinion on general causation."[8]  Because expert testimony is required to establish general causation in toxic tort cases, and plaintiff's sole expert witness on the issue of general causation was excluded, this Court granted defendants' motion for summary judgment.[9]

---

[4]     R. Doc. 1-1 at 9-10.
[5]     R. Doc. 32 at ¶¶ 19-49.
[6]     R. Doc. 67.
[7]     R. Doc. 62.
[8]     *Id.*
[9]     *Id.*

Plaintiff now moves under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's orders excluding Dr. Cook's testimony and granting defendants' motions for summary judgment.[10]   In short, plaintiff contends that the Court erred in its analysis of whether Dr. Cook's testimony constitutes admissible evidence on general causation and as a result, fact issues remained that rendered summary judgment inappropriate.[11]

In response, the BP parties contend that plaintiff presents no new evidence or argument; rather, he simply rehashes the arguments he presented in response to defendants' motion *in limine* in contravention of Rule 59(e).[12]

The Court considers the motions below.

## II.   LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e).   *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).   That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."   *Templet v. HydroChem Inc.*, 367

---

[10]   R. Doc. 64.
[11]   *Id.*
[12]   R. Doc. 67 at 1.

F.3d 473, 479 (5th Cir. 2004). "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Matter of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

## III.   DISCUSSION

Plaintiff contends he is entitled to reconsideration of this Court's order excluding the testimony of Dr. Cook and granting defendants' motion for summary judgment because the Court erred in holding that Dr. Cook must

identify a harmful level of exposure to particular chemicals that cause the conditions that plaintiff allegedly experienced.[13]   Plaintiff asserts that Dr. Cook's testimony should have been admitted, and defendants' summary-judgment motions denied, because: (1) BP had a duty to protect the cleanup workers; (2) BP violated that duty by failing to conduct biomonitoring; (3) BP's breach of its duty to conduct biomonitoring explains why there is inadequate data to provide the information that the Court held was required of proposed general causation experts in its Orders and Reasons excluding Dr. Cook's testimony; and (4) the GuLF study represents the "state of the art," and it is therefore a reliable basis for Dr. Cook's opinions.[14]

Plaintiff has already advanced these arguments, or nearly identical ones, in his opposition to BP's summary-judgment and *Daubert* motions, as well as in his motion seeking admission of Dr. Cook's testimony as a sanction against BP for alleged spoliation.[15]   This Court rejected plaintiff's arguments and granted defendants' *Daubert* and summary-judgment motions.[16] Plaintiff presents no valid reason for the Court to reconsider his previously rejected contentions, which are ultimately based on the "faulty premise that

---

[13]   R. Doc. 64-1 at 1-4.
[14]   *Id.*
[15]   R. Docs. 51, 52, & 53.
[16]   R. Doc. 62.

5

BP was obligated to develop evidence in anticipation of litigation." *Reed v. BP Expl. & Prod., Inc.*, No. 17-4174, 2023 WL 3159403, at *10 (E.D. La. Apr. 28, 2023). Plaintiff's "recitation of duplicative and meritless arguments that have already been exhaustively considered does not entitle [him] to a second bite at the apple" through reconsideration under Rule 59(e). *Vesoulis v. Reshape Lifesciences, Inc.*, No. 19-1795, 2021 WL 2267676, at *1 (E.D. La. June 3, 2021).

Further, plaintiff's motion does not mention any Rule 59(e) criteria. Plaintiff does not claim to have discovered new evidence; nor does he point to intervening changes in controlling law. He likewise fails to establish that this Court's order works a manifest injustice. He simply rehashes previously rejected arguments concerning BP's purported duty to conduct biomonitoring. His erroneous assertion the Court was incorrect in requiring a general causation expert to identify a harmful level of exposure to specific chemicals that can cause the conditions plaintiff complains of is insufficient to establish that he is entitled to the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

6

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is

DENIED.

New Orleans, Louisiana, this _21st_ day of August, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE